WALLACE, JUDGE:
The claimant is the owner of a parcel of land, which is improved by *13 a one-story building of approximately 3700 sq. ft. This property is located between Route 50/37 and Route 50/20 near Murphytown, Wood County, West Virginia. Beginning in mid-1978, two slips began to develop on Route 50/37 at the northeast end of the property. At that time, the property was being rented by a contractor which had placed two office trailers on the land. In July 1979, the contractor ceased renting the property. Claimant alleges that the slide made the property unusable after July 1979. Claimant has not rented either the land or the building since that date and seeks $7,000.00 as rental for the property. This figure was calculated at a rate of $200.00 per month for 35 months. The property was purchased by the State for $35,300.00 by deed dated November 23, 1982, which deed contained the following provision:
“And for the consideration hereinbefore set forth, the said party of the first part does hereby release the party of the second part from any and all claims for damages that may be occasioned to the residue of the lands of the party of the first part by reason of the construction and maintenance of a state road over, upon and under the parcel of land herein conveyed.”
During claimant’s testimony, it was established that the claimant had been contacted by persons interested in renting and purchasing the property. These contacts occurred in 1980 and 1981. Claimant testified that he did not negotiate with these persons, because he felt the property was not suitable for rental. It is a well settled principle of law that a party has a duty to mitigate his damages.
“The law imposes upon a party injured by another’s breach of contract or tort the active duty of using all ordinary care and making all reasonable exertions to render the injury as light as possible. If by his negligence or wilfulness he allows the damages to be unnecessarily enhanced, the increased loss, that which was avoidable by the performance of his duty, falls upon him.” 5B M.J. Damages §16.
The claimant candidly admitted that he refused to rent the property to available tenants. For reasons herein stated, the Court denies this claim.
Claim disallowed.